IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Brigade Leveraged Capital Structures Fund Ltd., Brigade Distressed Value Master Fund Ltd., Tasman Fund LP, Claren Road Credit Master Fund, Ltd., Claren Road Credit Opportunities Master Fund, Ltd., Fore Multi Strategy Master Fund, Ltd., Sola Ltd, Ultra Master Ltd, Solus Opportunities Fund 5 LP,<br><br>               Plaintiffs,<br><br>   v.<br><br>The Government Development Bank for Puerto Rico,<br><br>               Defendant. | Case No. 16-CV-1610 (FAB) |

**OPPOSITION TO MUNICIPALITIES' MOTION FOR LEAVE OF COURT TO FILE INTERVENING COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the Government Development Bank for Puerto Rico ("GDB"), without submitting itself to the jurisdiction of the Court and without waiving its immunity from suit pursuant to the Eleventh Amendment of the United States Constitution, and through its undersigned counsel, respectfully submits this opposition to the Municipalities of San Juan's and Carolina's (the "Municipalities") Motion for Leave of Court to File Intervening Complaint in Civil Action 16-1610 (FAB) (ECF No. 37) (the "Motion").

**PROCEDURAL BACKGROUND**

This litigation began on April 4, 2016 when Plaintiffs filed the Complaint, which, *inter alia*, seeks to enjoin GDB from making payments to creditors, "except to the extent the funds must be immediately used to maintain services essential to the public safety of citizens of Puerto Rico, or to pay ordinary course operating expenses of GDB." Compl. Wherefore Cl. a. Along

with the Complaint, Plaintiffs also filed a motion for a temporary restraining order.  *See* Order to Show Cause (ECF No. 3); Memorandum of Law in Support of Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 3-1).

On April 6, 2016, the Commonwealth enacted the Puerto Rico Emergency Moratorium and Rehabilitation Act (the "Moratorium Act") which, *inter alia*, created a regulatory scheme for restricting and monitoring certain withdrawals of deposits and transfers of funds from GDB and loans and disbursements by GDB.  *See* Puerto Rico Emergency Moratorium and Rehabilitation Act, P.S. 1591 (April 6, 2016).  As contemplated by the Moratorium Act, on April 8, 2016, Governor García Padilla signed an executive order declaring GDB to be in a state of emergency pursuant to Section 201(a) of the Moratorium Act (the "Executive Order").  *See* Executive Order, EO-2016-010 (April 8, 2016) at ¶ First.[1]

On April 12, 2016, GDB filed its opposition to Plaintiffs' TRO request and moved to dismiss the Complaint.  *See* Memorandum in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Injunctive Relief (ECF No. 30); Motion to Dismiss the Complaint or, in the Alternative, for a Stay (ECF No. 32).  Among other arguments, GDB maintained that it was immune from suit pursuant to the Eleventh Amendment, the Court should abstain from hearing the action, and the relief sought was precluded by the United States Supreme Court's decision in *Grupo Mexicano de Desarollo S.A. v Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).

In response to GDB's filings, on April 13, 2016, Plaintiffs withdrew their motion for a TRO.  *See* Motion to Withdraw Plaintiffs' Motion for a Temporary Restraining Order and to Extend Time for Plaintiffs to Respond to Defendant's Motion to Dismiss (ECF NO. 35).  Plaintiffs asserted that the Moratorium Act and Executive Order effectively mooted Plaintiffs'

---

[1] The Moratorium Act and the Executive Order are attached as Exhibit A and Exhibit B, respectively, to the Declaration of Hugh K. Murtagh in Opposition to Plaintiffs' Motion, by Order to Show Cause, for a Temporary Restraining Order, dated April 4, 2016 (ECF No. 30-1).

2

request for injunctive relief. *Id.* ¶ 7. However, Plaintiffs reserved their right, and have since represented that they intend, to amend the Complaint. *See id*. at 3 n.1. On April 14, 2016, the Court entered an Order permitting Plaintiffs to withdraw the motion for a TRO and ordering them to respond to GDB's motion to dismiss by April 29, 2016 (ECF No. 36).

That same day, the Municipalities filed their Motion, asserting they are entitled to intervene in this action as of right pursuant to Fed. R. Civ. P. 24(a)(2) to challenge the injunctive relief Plaintiffs sought in their motion for a TRO and in the existing Complaint. Motion ¶¶ 1-2. Specifically, the Municipalities request "leave to file an Intervening Complaint against the Plaintiffs in order to preclude them from attaching monies deposited by Municipalities in the GDB which are [allegedly] the Municipalities['] property." *Id.* ¶ 2. Although the Motion refers to a purported "Intervening Complaint" as "Exhibit No. 1," *id.* ¶ 3, no such intervening complaint or exhibit was included with the Motion. In the fourteen days since the Municipalities filed the Motion, they have not filed with the Court or served on GDB a purported intervening complaint.[2]

### ARGUMENT

The Motion must be dismissed for the straightforward reason that the Municipalities failed to comply with the requirements of Federal Rule of Civil Procedure 24(c). A motion to intervene must be accompanied by "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). This is a mandatory requirement. *See Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 783-84 (1st Cir. 1988) ("The language of [Rule 24(c)] is mandatory, not permissive, and the rule sets forth reasonable procedural requirements to insure that claims for intervention are handled in an orderly fashion."). Accordingly, failure to attach a

---

[2] On April 27, 2016, counsel for GDB called counsel for the Municipalities and raised the issue that the Motion had no attached proposed intervenor complaint. Counsel for the Municipalities confirmed that no pleading had been filed, and offered no specific date as to when the Municipalities might do so.

pleading to a motion to intervene is a sufficient ground for denial of a motion to intervene. *See Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 205 n.6 (1st Cir. 1998) (failure to attach pleading "warrant[s] dismissal of [intervention] motions"); *Brown v. Colegio de Abogados de P.R.*, No. CIV. 06-1645 JP, 2011 WL 830725, at *6 (D.P.R. Mar. 8, 2011) (dismissing motion to intervene as of right for failure to attach required pleading).

The Municipalities plainly failed to comply with Rule 24(c). While the Motion makes mention of a supposed "Intervenor Complaint," no such complaint accompanied the Motion. The Municipalities' failure to file a proposed intervening complaint alone requires denial of the Motion, *see* Fed R. Civ. P. 24(c), *Liggett Grp.*, 858 F.2d at 783-84, *Patch*, 136 F.3d at 205 n. 6, and their failure to submit a pleading in the fourteen days since only compounds the error, *see Candelario-Del Moral v. UBS Fin. Servs. Inc. of P.R.*, 290 F.R.D. 336, 344, 346 (D.P.R. 2013) (noting that where an "experienced and resourceful" member of the bar neglected to comply with the mandatory requirements of Rule 24(c), and does not "even attempt to comply," the court should not excuse such failure and should deny a motion to intervene).

GDB reserves its right to challenge on substantive grounds any motion to intervene later filed by the Municipalities to the extent they file a proposed intervenor complaint. At present, however, GDB notes that the Municipalities' Motion appears moot because it challenges injunctive relief that Plaintiffs have essentially abandoned by withdrawing their motion for a TRO and by stating that they will amend their Complaint, which currently seeks the same injunctive relief sought in the now-abandoned motion for a TRO. Even assuming the Motion is not wholly moot, in the absence of the proposed intervenor complaint it is difficult, if not impossible, to determine whether intervention as of right would be appropriate.

**CONCLUSION**

WHEREFORE, for the reasons set forth above, the Court should deny the Motion.

**WE HEREBY CERTIFY**: That on this date a true and exact copy of the foregoing document has been filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for all parties.

| | |
|---|---|
| RESPECTFULLY SUBMITTED<br>in San Juan, Puerto Rico, on April 28, 2016. | Respectfully submitted,<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>s/ Howard S. Zelbo<br>Howard S. Zelbo* (NY Bar No. 2202604)<br>Carmine D. Boccuzzi Jr.* (NY Bar No. 2677094)<br>One Liberty Plaza<br>New York, New York 10006<br>Tel: (212) 225-2000<br>Facsimile: (212) 225-3999<br>cboccuzzi@cgsh.com<br>* *Admitted Pro Hac Vice*<br><br>s/ Giselle López Soler<br>Giselle López Soler<br>**USDC-PR-224010**<br>LAW OFFICES OF GISELLE LÓPEZ SOLER<br>PMB 257<br>Rd. 19 1353<br>Guaynabo, PR 00966<br>Tel: 787.667.0941<br>gls@lopezsolerlaw.com<br>*Attorneys for the Government Development Bank for Puerto Rico* |